**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO: 8:26-CV-01150-VMC-AEP**

HANS LAUDERBACH,

       Plaintiff,

    v.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION
SERVICES LLC, and AMERICAN
EXPRESS COMPANY,

       Defendants.

**EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND**
**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

### COMPLAINT ¶1:

Plaintiff, Hans Lauderbach (hereinafter "Plaintiff" or "Mr. Lauderbach") brings this action against Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax") and American Express Company ("AMEX"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "FCRA").

### ANSWER:

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the FCRA or any other law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

### COMPLAINT ¶2:

Plaintiff further alleges violation of the Florida Consumer Collection Practices Act, Florida Statute §559.72 et. seq. (hereinafter "FCCPA") against AMEX.

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325816014v.1

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶4:**

Supplemental jurisdiction exists for Plaintiff's FCCPA claims pursuant to 28 U.S.C. §1367. Defendants' voluntary contact with Plaintiff in Florida made it foreseeable that they would be hailed into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶5:**

Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Miami-Dade County, Florida.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

3

## PARTIES

### COMPLAINT ¶6:

Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Sarasota County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c), 15 U.S.C. §1692a(3) and Florida Statute §559.55(8).

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

### COMPLAINT ¶7:

Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COMPLAINT ¶8:

Trans Union is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

4

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

Experian is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

325816014v.1

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶12:**

Equifax is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

**ANSWER:**

Equifax admits that it is a limited liability company that is registered to do business within the state of Florida. Equifax also admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶13:**

Defendant AMEX is a nationwide corporation that regularly conducts business in the State of Florida or is registered to conduct business in the state of Florida with a principal place of business located at 200 Vesey Street, New York, NY 10285.

6

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

Defendant AMEX is a "debt collector" within the meaning of Florida Statute §559.55(7).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Defendant AMEX uses instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to the consumer reporting agencies, Trans Union, Equifax and Experian, (collectively "credit reporting agencies").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which have effects on consumers and their credit reports within the State of Florida.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**STATUTORY FRAMEWORK OF THE FAIR CREDIT REPORTING ACT**

**COMPLAINT ¶17:**

The Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq., was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶18:**

Congress found that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." See 15 U.S.C. §1681(a)(1).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

8

325816014v.1

**COMPLAINT ¶19:**

"The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy." The Fair Credit Reporting Act seeks to secure these rights." Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency, 91st Cong. 2 (1969).

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶20:**

A "furnisher of information" provides information about consumers' credit history to credit reporting agencies. See 15 U.S.C. §1681s-2.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶21:**

Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies

9

exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." See 15 U.S.C. § 1681(a)(3),(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶22:**

The FCRA was amended by Congress in 2003 by the Fair and Accurate Credit Transaction Act ("FACTA"), Pub L. No. 108-159 (2003), in order to, among other things, "prevent identity theft, improve resolution of consumer disputes, [and] improve the accuracy of consumer records."

**ANSWER:**

Equifax states that the statutory or other provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the provisions referenced by this paragraph.

**COMPLAINT ¶23:**

Prior to the 2003 amendments, victims of identity theft were afforded no Special protections under the FCRA. As such, consumer reporting agencies ("CRAs", and also referred to herein as "credit reporting agencies") were under no obligation to treat an identity theft claim any different than a regular dispute.

**ANSWER:**

Equifax states that the provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

10

325816014v.1

mischaracterizes, misquotes, or takes out of context the contents of the provisions referenced by this paragraph.

**COMPLAINT ¶24:**

The 2003 amendments made it easier for identity theft victims to get information resulting from identity theft removed from their credit reports. By enacting 15 U.S.C. § 1681c-2(a), Congress required credit reporting agencies to block the reporting of any information in the file of a consumer that the consumer identifies as resulting from identity theft, not later than four business days after receiving (1) appropriate proof of identity, (2) a copy of an identity theft report, (3) the identification of such information by the consumer, and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

**ANSWER:**

Equifax states that the provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the provisions referenced by this paragraph.

**COMPLAINT ¶25:**

A credit reporting agency may decline to "block" information only if the credit reporting agency reasonably determines that the consumer's request is made in error, was based on a material misrepresentation or the consumer obtained goods, services or money as a result of the blocked transaction. See 15 U.S.C. § 1681c-2(c)(1). 15. If a block is declined, the credit reporting agency must then notify the consumer promptly, in the same manner as consumers are notified of the reinsertion of information under § 1681i(a)(5)(B). See 15 U.S.C. §§ 1681c-2(c)(2).

**ANSWER:**

Equifax states that the provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

325816014v.1

mischaracterizes, misquotes, or takes out of context the contents of the provisions referenced by this paragraph.

## COMPLAINT ¶26:

In the absence of such a determination of material misrepresentation or error, a credit reporting agency cannot decline a request to block without first requesting additional information from the consumer for the purpose of determining the validity of the alleged identity theft. See 12 C.F.R. § 1022.3(i)(1)(iii)(A).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶27:

"[I]f a CRA receives a police report containing detailed information as well as the signature, badge number, or other identifying information for the officer taking the report, it is not reasonable for the CRA to request additional information without 'an identifiable concern,' such as an indication that the report was fraudulent." *Osada v. Experian Info. Solutions, Inc.*, No. 11-C-2856, 2012 WL 1050067, at *3 (N.D. Ill. Mar. 28, 2012) (citing 16 C.F.R. § 603.3(c)(1) (renumbered at 12 C.F.R. § 1022.3(i)(3)(i)).

## ANSWER:

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

12

**COMPLAINT ¶28:**

The FCRA requires a credit reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" each time it prepares a consumer report. 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶29:**

The FCRA requires that if a consumer disputes any item of information contained in their credit file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C.S. § 1681i(a)(1)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶30:**

In performing the reinvestigation, the FCRA requires the credit reporting agency to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C.S. § 1681i(a)(4).

325816014v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶31:**

The FCRA also requires the credit reporting agency to provide notification of the dispute to the person who provided any item that is disputed, along with all relevant information received from the consumer regarding the dispute. 15 U.S.C.S. § 1681i(a)(2)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶32:**

The FCRA requirements are important, because they help credit reporting agencies ensure that the information in their consumer reports is accurate, they assure that consumers know all the information that is in their files and who has received or requested their reports, and they protect consumer privacy.

**ANSWER:**

Equifax states that this paragraph contains argument and legal conclusions, to which no response is required. To the extent that any response is required, Equifax denies the allegations of this paragraph.

14

325816014v.1

**COMPLAINT ¶33:**

If the violation is negligent, the FCRA allows the consumer to recover actual damages. 15 U.S.C. § 1681o(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶34:**

If the violation is willful, the consumer may recover any actual damages, or statutory damages of not less than $100 and not more than $1,000, and punitive damages. 15 U.S.C. § 1681n(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶35:**

A consumer who succeeds on a FCRA action is also entitled to recover their costs and reasonable attorney fees. 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

15

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶36:

The FCRA provides a private right of action against any person that violates the provisions of the FCRA. See 15 U.S.C. §§ 1681o, 1691n.

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶37:

The FCRA prohibits a CRA from furnishing a consumer report on a consumer unless it has reason to believe that the person requesting the report intends to use the information in connection with a credit transaction, insurance underwriting, or other legitimate business purpose involving the consumer on whom the information is to be furnished. 15 U.S.C. § 1681b(a)(3). The FCRA prohibits a CRA from furnishing to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer. 15 U.S.C. § 1681b(c)(3).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325816014v.1

**COMPLAINT ¶38:**

"Furnishers of information" under the FCRA, pursuant to 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into each of the written disputes that it receives from the credit reporting agencies. *See also Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016).

**ANSWER:**

Equifax states that the statutory provisions and case law referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions and case law referenced by this paragraph.

**COMPLAINT ¶39:**

The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of" consumer reports. 15 U.S.C. § 1681e(b). If a consumer disputes information contained in their credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C.S. § 1681i(a)(1)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

17

325816014v.1

**COMPLAINT ¶40:**

If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall...(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681(a)(5)(A)(i),(ii).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶41:**

If the violation is negligent, the FCRA allows the consumer to recover actual damages (§ 1681o(a)); however, if the violation is willful, the consumer may recover any actual damages or statutory damages from not less than $100.00 and not more than $1,000. § 1681n(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶42:**

Under the FCRA, "[t]he term "consumer report" generally refers to any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is

18

used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-

(A)    credit or insurance to be used primarily for personal, family, or household purposes;

(B)    employment purposes; or

(C)    any other purpose authorized under section 1681b of this title."

U.S.C. § 1681a(d)(1).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶43:**

The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

*National CRAs and Furnishers Communicate Consumer Disputes and Responses via the E-Oscar Reporting Platform*

**COMPLAINT ¶44:**

The FCRA requires CRAs to implement an automated reinvestigation system through which furnishers of information to the CRAs may report the results of a

19

reinvestigation that finds incomplete or inaccurate information in a consumer's file. 15 U.S.C. § 1681i(a)(5)(D).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶45:**

To comply with the automated dispute reinvestigation requirements of the FCRA, Trans Union, Equifax, and Experian along with Innovis Data Solutions, Inc., developed and implemented a browser-based software system that allows the CRAs to electronically notify furnishers quickly and easily of disputed credit reporting information, and for furnishers to quickly and easily respond to such disputes following the furnisher's investigation of the disputed information.

**ANSWER:**

Equifax admits that it has implemented an automated system through which furnishers of information may report the results of a reinvestigation to it. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶46:**

The system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting) and was designed to be Metro 2 compliant. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2025).

**ANSWER:**

Equifax admits that there is a system commonly referred to as e-OSCAR. Equifax lacks knowledge or information sufficient to form a belief as to the truth of

325816014v.1

the remaining allegations in this paragraph and therefore denies them. Defendant further states that the referenced materials speak for themselves.

## COMPLAINT ¶47:

The e-OSCAR system primarily supports Automated Credit Dispute Verification ("ACDV") and Automated Universal Data Form ("AUD") processing, as well as other consumer-dispute-related processes. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2025).

## ANSWER:

Equifax admits that when investigation results are returned to it via e-OSCAR, the updated ACDV reflects the furnisher's response regarding the accuracy of disputed information; if any account information was updated during the investigation; or if the account should be deleted. Equifax denies that these are the only representations contained in an ACDV, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

## COMPLAINT ¶48:

The National CRAs provide notice of a consumer's dispute to data furnishers in the ACDV format and forward the ACDV to the furnisher through e-OSCAR.

## ANSWER:

Equifax admits that its can provide notice of a dispute by sending ACDV through the e-OSCAR system. Equifax lacks information and knowledge sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

21

**COMPLAINT ¶49:**

If a furnisher's investigation of a consumer's dispute determines that the information in dispute is incomplete or inaccurate, the FCRA requires the furnisher to correct the information not only with the CRA that sent the ACDV, but with all other CRAs to whom the furnisher reported that information. 15 U.S.C. § 1681s-2(b)(1)(D).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶50:**

The e-OSCAR system facilitates the furnisher's compliance with 15 U.S.C. § 1681s-2(b)(1)(D) by sending a "Carbon Copy" of an ACDV response "to each CRA with whom the [furnisher] has a reporting relationship" in addition to the response to the initiating CRA. See http://www.e-oscar.org/gettingstarted (last accessed December 9, 2025).

**ANSWER:**

Equifax admits that the e-OSCAR system may be used in connection with efforts to comply with the Fair Credit Reporting Act. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the operation of the system as described and, on that basis, denies them. Defendant further states that the referenced materials speak for themselves.

**COMPLAINT ¶51:**

Additionally, a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR.

22

325816014v.1

**ANSWER:**

Equifax admits that furnishers of information can modify a tradeline by means of sending an AUD within e-OSCAR. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COMPLAINT ¶52:**

Trans Union, Experian, and Equifax each require data furnishers that report to them respectively to register with and use e-OSCAR, and state that e-OSCAR is "in compliance with FCRA and Metro 2 standards." See https://www.transunion.com/data-reporting/support-teams (last accessed December 9, 2025).

**ANSWER:**

Equifax admits that e-OSCAR is a system used in connection with communications between consumer reporting agencies and furnishers. Defendant denies the remaining allegations in this paragraph, including any assertion that it requires furnishers to use e-OSCAR.

## The FCCPA

**COMPLAINT ¶53:**

The FCCPA's goal is to "provide the consumer with the most protection possible." See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

**ANSWER:**

Equifax states that the statutory provisions and case law referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent

23

Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions and case law referenced by this paragraph.

**COMPLAINT ¶54:**

The FCCPA provides that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." See Fla. Stat. § 559.72(9).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶55:**

"The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." See Fla. Stat. §559.77(2).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶56:**

As a consumer, The Plaintiff has a private right of action against AMEX pursuant to Florida Statute §559.77(2), which provides that "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for

additional statutory damages . . . not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." (omissions added).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## FACTUAL ALLEGATIONS

## COMPLAINT ¶57:

The Plaintiff is a documented victim of identity theft, having lodged a Police Report recorded in the Police Incident Report dated December 12, 2024 with the Sarasota County Sheriff's Office ("Police Report"), in further support of his identity theft claims, thereby taking all reasonable steps to notify law enforcement authority of the fraudulent activities carried out in his name.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶58:

Unauthorized third parties unlawfully used the Plaintiff's identity to open two (2) American Express fraudulent tradelines to obtain credit without Plaintiff's knowledge, authorization, or consent. Plaintiff has no connection to these fraudulent accounts. The resulting tradelines are unauthorized, fraudulent, and materially detrimental to the Plaintiff's credit history.

325816014v.1

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## Disputes with Trans Union and AMEX

## COMPLAINT ¶59:

The Plaintiff sent a dispute letter to Trans Union, which Trans Union received on October 14, 2025 ("Trans Union Dispute Letter"). The Plaintiff disputed American Express Partial Account Number ****2395**** and American Express Partial Account Number ****2392**** and demanded these accounts be deleted from his credit report as each tradeline was unauthorized and fraudulent. Plaintiff included his driver's license as identification in the Trans Union Dispute Letter and provided the Police Report. The Police Report specifically references an American Express account being opened without Plaintiff's authorization with fraudulent charges on that account and Plaintiff having notified American Express that the charges were fraudulent. Plaintiff further advised in the Police Report that a further fraudulent account existed.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶60:

In response, on October 16, 2025, Transunion provided the Plaintiff with the dispute results for the American Express tradeline associated with disputed American Express Partial Account Number ****2395****, stating that Transunion was not blocking the information identified in the Plaintiff's request at that time. Upon reviewing a subsequent Trans Union credit report dated February 9, 2026, the Plaintiff observed that the fraudulent tradeline was wrongfully verified and continued to appear on the credit report.

26

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶61:**

In response, on October 16, 2025, Transunion provided the Plaintiff with the
dispute results for American Express tradeline associated with disputed American
Express Partial Account Number ****2392****, stating that Transunion was not
blocking the information identified in the Plaintiff's request at that time. Upon
reviewing a subsequent Trans Union credit report dated February 9, 2026, the
Plaintiff observed that the fraudulent tradeline was wrongfully verified and
continued to appear on the credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶62:**

The persistence of the disputed American Express tradelines remaining on
Plaintiff's Trans Union credit report after providing the Trans Union Dispute Letter
specifically referencing fraudulent transactions related to his American Express
accounts demonstrates Trans Union's failure to conduct a reasonable and meaningful
investigation. Additionally, it demonstrates Amex's failure to conduct its own
reasonable and meaningful investigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

325816014v.1

**Disputes With Experian and AMEX**

## COMPLAINT ¶63:

The Plaintiff sent a dispute letter to Experian, which Experian received on November 16, 2025 ("Experian Dispute Letter"). The Plaintiff disputed American Express Account Number Ending ****23922693 and American Express Account Number Ending *****23956073 and demanded these accounts be deleted from his credit report as each tradeline was unauthorized and fraudulent. Plaintiff included his driver's license as identification in the Experian Dispute Letter and provided the Police Report. The Police Report specifically references an American Express account being opened without Plaintiff's authorization with fraudulent charges on that account and Plaintiff having notified American Express that the charges were fraudulent. Plaintiff further advised in the Police Report that a further fraudulent account existed.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶64:

To date no response has been received from Experian to Plaintiff for the American Express tradeline associated with disputed American Express Account Number Ending ****23922693. Upon reviewing a subsequent Experian credit report dated January 2, 2026, the Plaintiff observed that the fraudulent tradeline was wrongfully verified and continued to appear on the credit report.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325816014v.1

**COMPLAINT ¶65:**

To date no response has been received from Experian to Plaintiff for the American Express tradeline associated with disputed American Express Account Number Ending ****23956073. Upon reviewing a subsequent Experian credit report dated January 2, 2026, the Plaintiff observed that the fraudulent tradeline was wrongfully verified and continued to appear on the credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

The persistence of the disputed American Express tradelines remaining on Plaintiff's Experian credit report after providing the Experian Dispute Letter specifically referencing fraudulent transactions related to his American Express accounts demonstrates Experian's failure to conduct a reasonable and meaningful investigation. Additionally, it demonstrates Amex's failure to conduct its own reasonable and meaningful investigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Disputes With Equifax and AMEX**

**COMPLAINT ¶67:**

The Plaintiff sent a dispute letter to Equifax, which Equifax received on October 16, 2025 ("Equifax Dispute Letter"). The Plaintiff disputed American Express Partial Account Number *2693 and American Express Partial Account Number *6073 and demanded these accounts be deleted from his credit report as each tradeline was unauthorized and fraudulent. Plaintiff included his driver's

29

license as identification in the Equifax Dispute Letter and provided the Police Report. The Police Report specifically references an American Express account being opened without Plaintiff's authorization with fraudulent charges on that account and Plaintiff having notified American Express that the charges were fraudulent. Plaintiff further advised in the Police Report that a further fraudulent account existed.

**ANSWER:**

Equifax admits that on October 16, 2025, it received a letter purportedly from Plaintiff concerning American Express accounts, the contents of which speak for themselves.

**COMPLAINT ¶68:**

In response, on October 22, 2025, Equifax provided the Plaintiff with the dispute results for the American Express tradeline associated with disputed Partial Account Number *2693, stating that Equifax was not blocking the information identified in the Equifax Dispute Letter at that time. Thereafter, upon reviewing a subsequent Equifax credit report dated January 2, 2026, the Plaintiff observed that the fraudulent tradeline was wrongfully verified and continued to appear on the credit report.

**ANSWER:**

Equifax admits that October 22, 2025, it sent Plaintiff a letter, the contents of which speak for themselves. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶69:**

In response, on October 22, 2025, Equifax provided the Plaintiff with the dispute results for the American Express tradeline associated with disputed Partial Account Number *6073, stating that Equifax was not blocking the information

325816014v.1

identified in the Plaintiff's request at that time. Thereafter, upon reviewing a subsequent credit report dated January 2, 2026, the Plaintiff observed that the fraudulent tradeline was wrongfully verified and continued to appear on the credit report.

**ANSWER:**

Equifax admits that October 22, 2025, it sent Plaintiff a letter, the contents of which speak for themselves. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶70:**

The persistence of the disputed American Express tradelines remaining on Plaintiff's Equifax credit report after providing the Equifax Dispute Letter specifically referencing fraudulent transactions related to his American Express accounts demonstrates Experian's failure to conduct a reasonable and meaningful investigation. Additionally, it demonstrates Amex's failure to conduct its own reasonable and meaningful investigation.

**ANSWER:**

Equifax denies the allegations in this paragraph as they apply to Equifax. Equifax further denies that it violated the FCRA or any other law.

**Plaintiff's Damages**

**COMPLAINT ¶71:**

Defendants' derogatory and inaccurate reporting of the above-described fraudulent tradelines, account information and inquiries on Plaintiff's credit reports negatively reflects upon Plaintiff's financial obligations, credit score and credit worthiness to existing and potential creditors.

31

**ANSWER:**

Equifax denies the allegations in this paragraph as they apply to Equifax.

**COMPLAINT ¶72:**

Courts have regularly held that allegations of lower credit scores, taken as true, are sufficient to allege a concrete injury-in-fact for the purpose of standing under Article III. *See Pedro v. Equifax, Inc.*, 868 F.3d 1275 (11th Cir. 2017) ("[H]er credit score dropped 100 points as a result of the challenged conduct. Because Pedro alleged that she suffered an injury in fact, she has standing to pursue her complaint."); *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583 (7th Cir. 2016) (standing where Plaintiff's alleged that they "have suffered damage to their credit and been forced to pay Ocwen greater payments and a higher interest rate"); *See Santangelo v. Comcast Corp.*, 162 F. Supp. 3d 691 (N.D. Ill. 2016) ("a depleted credit score is sufficient to constitute an injury-in-fact for the purposes of establishing Article III standing"); *See Binns v. Ocwen Loan Servicing, LLC*, No. 14- 01764, 2015 U.S. Dist. LEXIS 132743, 2015 WL 5785693, at *9 (S.D. Ind. Sept. 30, 2015) ("injuries to plaintiffs' credit scores and reputations were considered intangible harms"); *See Rothman v. U.S. Bank Nat'l Ass'n*, No. 13-03381, 2014 U.S. Dist. LEXIS 141100, 2014 WL 4966907, at *5 (N.D. Cal. Oct. 3, 2014) ("Injury to a credit score is sufficient to constitute 'actual damages'"); *See Green v. RentGrow, Inc.*, No. 2:16cv421, 2016 U.S. Dist. LEXIS 166229 ("A decrease in credit score may still establish an injury in fact sufficient to confer standing"); *See Adams v. Fifth Third Bank*, No. 3:16-CV-00218-TBR, 2017 U.S. Dist. LEXIS 18932 (W.D. Ky. Feb. 9, 2017) ("Plaintiffs' allegations of lower credit scores ... are sufficient to allege a concrete injury-in-fact for the purposes of standing under Article III."); and, *See Coulbertson v. Experian Info. Sols., Inc.*, No. 16-cv-05672-RS, 2017 U.S. Dist. LEXIS 69484 (N.D. Cal. Mar. 24, 2017) ("At a minimum, *Coulbertson* has alleged a sufficient injury-in-fact through her claim that her credit score suffered as a result of the credit report she disputes").

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

325816014v.1

**COMPLAINT ¶73:**

As a result of Defendants' conduct, including the continued publication of false identifying information or tradelines, Plaintiff suffered concrete injuries, including but not limited to emotional distress and manifestations of emotional distress associated with fraudulent information remaining in his credit files, damage to his reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, expenses associated with credit report disputes and the deprivation of his statutory rights to accurate reporting and meaningful dispute resolution. These injuries are concrete and particularized and confer standing under Article III. *See Coulter v. Sagestream, LLC*, 501 F.Supp.3d 298 (2020); *Norman v. Trans Union, LLC*, 669 F.Supp.3d 351 (2023); *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800 (2023).

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

## COUNT I - VIOLATIONS OF 15 U.S.C. §1681c-2
## AGAINST TRANS UNION

**COMPLAINT ¶74:**

Plaintiff incorporates by reference paragraph 1, 4-8, 15-52, 57-62 and 71-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶75:**

During the relevant timeframe, Trans Union received Plaintiff's disputes which requested a block of the fraudulent information.

33

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

Plaintiff disputed the information on his Trans Union credit report, identified himself, advised Trans Union of the information being fraudulent, furnished Trans Union with a copy of his police report and requested that Trans Union block the fraudulent information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

Rather than block the fraudulent information, Trans Union negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with a police report concerning Plaintiff's identity theft, in violation of Section 1681c-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325816014v.1

**COMPLAINT ¶78:**

Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶79:**

Alternatively, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

35

325816014v.1

## COUNT II - VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST TRANS UNION

**COMPLAINT ¶80:**

Plaintiff incorporates by reference paragraphs 1, 4-8, 15-52, 57-62 and 71-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth

at length herein.

**COMPLAINT ¶81:**

During the relevant time frame, Trans Union received Plaintiff's disputes which requested that the fraudulent information be removed from his credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶82:**

Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

325816014v.1

**COMPLAINT ¶83:**

Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

Alternatively, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COUNT III - VIOLATIONS OF 15 U.S.C. §1681e(b)
### AGAINST TRANS UNION

**COMPLAINT ¶84:**

Plaintiff incorporates by reference paragraphs 1, 4-8, 15-52, 57-62 and 71-73 as if fully stated herein.

325816014v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶85:**

Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

After receiving Plaintiff's disputes, Trans Union was placed on notice that it was reporting fraudulent information, yet Trans Union continues to include the fraudulent information in Plaintiff's credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

38

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶88:**

In the alternative, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT IV - VIOLATIONS OF 15 U.S.C. §1681c-2
## AGAINST EXPERIAN

**COMPLAINT ¶89:**

Plaintiff incorporates by reference paragraphs 1, 4-6, 9, 10, 15-52, 57, 58, 63-66 and 71-73 as if fully stated herein.

39

325816014v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶90:**

During the relevant timeframe, Experian received Plaintiff's disputes which requested a block of the fraudulent information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶91:**

Plaintiff disputed the information on his Experian credit report, identified himself, advised Experian of the information being fraudulent, furnished Experian with a copy of his police report, and requested that Experian block the fraudulent information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

Rather than block the fraudulent information, Experian negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with a police report concerning Plaintiff's identity theft, in violation of Section 1681c-2.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶94:**

Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶95:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

41

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COUNT V - VIOLATIONS OF 15 U.S.C. §1681i
### AGAINST EXPERIAN

**COMPLAINT ¶96:**

Plaintiff incorporates by reference paragraphs 1, 4-6, 9, 10, 15-52, 57, 58, 63-66 and 71-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶97:**

During the relevant time frame, Experian received Plaintiff's disputes which requested that the fraudulent information be removed from his credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶98:**

Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶99:**

Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶100:**

Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT VI - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EXPERIAN

**COMPLAINT ¶101:**

Plaintiff incorporates by reference paragraphs 1, 4-6, 9, 10, 15-52, 57, 58, 63-66 and 71-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶102:**

Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶103:**

After receiving Plaintiff's disputes, Experian was placed on notice that it was reporting fraudulent information, yet Experian continues to include the fraudulent information in Plaintiff's credit file.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶104:**

Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶105:**

In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COUNT VII - VIOLATIONS OF 15 U.S.C. §1681c-2
### AGAINST EQUIFAX

**COMPLAINT ¶106:**

Plaintiff incorporates by reference paragraphs 1, 4-6, 11, 12, 15-52, 57, 58, and 67-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶107:**

During the relevant timeframe, Equifax received Plaintiff's disputes which requested a block of the fraudulent information.

**ANSWER:**

Equifax admits that it has received letters purportedly from Plaintiff concerning the American Express accounts, the content of which speak for themselves.

**COMPLAINT ¶108:**

Plaintiff disputed the information on his Equifax credit report, identified himself, advised Equifax of the information being fraudulent, furnished Equifax with a copy of his police report, and requested that Equifax block the fraudulent information.

325816014v.1

**ANSWER:**

Equifax admits that it has received letters purportedly from Plaintiff concerning the American Express accounts, the contents of which speak for themselves.

**COMPLAINT ¶109:**

Rather than block the fraudulent information, Equifax negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed information from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with a police report concerning Plaintiff's identity theft, in violation of Section 1681c-2.

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax further denies that it violated the FCRA or any other law.

**COMPLAINT ¶110:**

Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶111:**

Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

325816014v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## COUNT VIII - VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EQUIFAX

**COMPLAINT ¶112:**

Plaintiff incorporates by reference paragraphs 1, 4-6, 11, 12, 15-52, 57, 58, and 67-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶113:**

During the relevant time frame, Equifax received Plaintiff's disputes which requested that the fraudulent information be removed from his credit file.

48

**ANSWER:**

Equifax admits that it has received letters purportedly from Plaintiff concerning the American Express accounts, the contents of which speak for themselves.

**COMPLAINT ¶114:**

Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax further denies that it violated the FCRA or any other law.

**COMPLAINT ¶115:**

Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶116:**

Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

325816014v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## COUNT IX - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

**COMPLAINT ¶117:**

Plaintiff incorporates by reference paragraphs 1, 4-6, 11, 12, 15-52, 57, 58, and 67-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶118:**

Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

325816014v.1

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax further denies that it violated the FCRA or any other law.

**COMPLAINT ¶119:**

After receiving Plaintiff's disputes, Equifax was placed on notice that it was reporting fraudulent information, yet Equifax continues to include the fraudulent information in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax further denies that it violated the FCRA or any other law.

**COMPLAINT ¶120:**

Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶121:**

In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

51

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## COUNT X - VIOLATIONS OF 15 U.S.C. §1681s-2(b) AGAINST AMEX

**COMPLAINT ¶122:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 13-52, and 57-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶123:**

AMEX is a furnisher under the FCRA because it provides consumer credit information concerning consumers to credit reporting agencies.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶124:**

AMEX violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes when it failed to review all relevant information provided by the credit reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶125:**

As a result of AMEX's violations of the FCRA, Plaintiff has been damaged.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶126:**

AMEX negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶127:**

Additionally, AMEX committed a willful violation of the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681n(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶128:**

Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to 15 U.S.C. §1681.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶129:**

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against AMEX in the form of actual damages, statutory damages, punitive damages, Attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT XI - VIOLATIONS OF FLA. STAT. §559.72(9) AGAINST AMEX

**COMPLAINT ¶130:**

Plaintiff incorporates by reference paragraphs 1, 4, 5, 6, 13-16, and 44-73 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶131:**

At all relevant times to this action, AMEX is subject to and must abide by the laws of Florida, including Fla. Stat. §559.72.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶132:**

After Plaintiff placed AMEX on notice that his accounts were used fraudulently, AMEX had no reasonable basis to continue to seek to collect illegitimate or fraudulent debts.

55

325816014v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶133:**

AMEX violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when AMEX knew that the debt was not legitimate or asserting the existence of some other legal right when AMEX knew that right did not exist.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶134:**

Specifically, AMEX communicated false information that it had a legitimate right or some other non-existent right to collect from Plaintiff on a debt arising from fraud.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶135:**

"Any person who fails to comply with any provision of §559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred

56

by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with §559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. §559.77(2) (emphasis added).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶136:**

As a result of AMEX's violations, Plaintiff suffered damages including but not limited to emotional distress and time spent addressing AMEX's illegal collection practices.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against AMEX in the form of actual damages, statutory damages, and punitive damages pursuant to Fla. Stat. §559.77; attorneys' fees, litigation expenses and costs of the instant suit; and such other and further relief including as the Court deems equitable and just under the circumstances.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

57

325816014v.1

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## ANSWER:

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Plaintiff has failed to state a claim against Equifax upon which relief may be granted.

## SECOND DEFENSE

Equifax's reports concerning Plaintiff were true or substantially true.

## THIRD DEFENSE

Equifax has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

## FOURTH DEFENSE

Plaintiff's damages are the result of act or omissions of parties or non-parties over which Equifax has no responsibility or control.

325816014v.1

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

## SEVENTH DEFENSE

Equifax reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)  it be dismissed as a party to this action; and

(3)  it recover such other and additional relief as the Court deems just and appropriate.

325816014v.1

DATED:  June 23, 2026        Respectfully submitted,

SEYFARTH SHAW LLP


By: _/s/ Paige Vacante_
    Paige Vacante, Bar No. 1019135
    pvacante@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois  60606-6448
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

*Counsel for Defendant*
*Equifax Information Services LLC*

60

325816014v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                    */s/ Paige Vacante*
                    Paige Vacante
                    *Counsel for Defendant*
                    *Equifax Information Services LLC*

325816014v.1